IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEMICHAEL McCAULEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case Number CIV-04-1698-C |
| ) | |
| EDWARD L. EVANS, ) | |
| ) | |
| Respondent. ) | |

**<u>ORDER AFFIRMING REPORT AND RECOMMENDATION</u>**

This pro se Petition for Habeas Corpus Relief, brought by a state prisoner, under the authority of 28 U.S.C. § 2241, was referred to United States Magistrate Judge Bana Roberts for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Judge Roberts entered a Report and Recommendation on August 10, 2005, recommending denial. Petitioner has timely objected, and the Court considers the matter de novo.

The underlying facts and relevant law are clearly and fairly set forth in the Report and Recommendation of the Magistrate Judge and need not be repeated here, as there is no significant dispute. In his objection to Magistrate Judge Roberts's Report and Recommendation, Petitioner argues the Magistrate judge erred in failing to recognize that he could not be charged under the policy relied on by Respondent in the disciplinary proceeding due to Petitioner's status in community placement. In support of his argument, Petitioner directs the Court to 21 Okla. Stat. § 443(c), arguing that statute makes clear that persons in an alternative to incarceration cannot be charged with escape unless they are absent for more than 24 hours. The flaw in Petitioner's argument was recognized by Judge

Roberts in footnote 6 of the Report and Recommendation. As Judge Roberts noted, the statute identifies the mechanism for charging a person with a criminal offense but it does not determine what internal prison disciplinary charges may be brought. To the extent Petitioner seeks this Court's review of Respondent's decision regarding which disciplinary charge to pursue, Petitioner has failed to offer evidence sufficient to warrant judicial review. See <u>Bell v. Wolfish</u>, 441 U.S. 520, 547-548 (1979):

> Prison administrators therefore should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security. Such considerations are peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters.

(internal citations and quotation marks omitted).

Upon *de novo* review, the Court finds Petitioner has failed to set forth any evidence or argument demonstrating the discipline imposed was in error. The Report and Recommendation of Judge Roberts is affirmed and the Petition will be DENIED. A separate judgment will enter.

IT IS SO ORDERED this 9th day of September, 2005.

ROBIN J. CAUTHRON
United States District Judge