**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DEMICHAEL McCAULEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case Number CIV-04-1698-C |
| ) | |
| EDWARD L. EVANS, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION**

Now before the Court is a Notice of Intent to Appeal filed by Petitioner Demichael McCauley (McCauley), a prisoner appearing pro se. The Court construes McCauley's Notice of Intent to Appeal as a Motion for Certificate of Appealability (COA) to appeal the Court's denial of his Petition for Writ of Habeas Corpus brought under 28 U.S.C. § 2241. See 28 U.S.C. § 2253(c)(1)(A); Montez v. McKinna, 208 F.3d 862, 867 (10th Cir. 2000) (holding that a state prisoner must obtain a COA to appeal the denial of a § 2241 habeas petition).

The Court may grant McCauley a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court previously denied McCauley's § 2241 motion on the merits (Order, Dkt. No. 18), thus he must demonstrate that the issues he seeks to raise are deserving of further proceedings, debatable among jurists of reason, or subject to different resolution on appeal. See Miller-El v. Cockrell, 537 U.S. 322, 327 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). McCauley is not tasked with demonstrating that his appeal will succeed. Miller-El, 537 U.S. at 337.

Here, McCauley's COA fails to allege what constitutional right has been denied, much less make the requisite showing. Therefore, McCauley's Motion for Certificate of Appealability (Dkt. No. 20) is DENIED.

IT IS SO ORDERED this 28th day of September, 2005.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge